Brenda Joyce Haynes v. Micah Acquino Ms. Haynes, I know you're pro se. I should tell you that we've read everything you've submitted, so you don't have to repeat that. And you only have five minutes. Okay, thank you, Your Honor. May it please the Court, good morning, Your Honors. My name is Brenda Haynes, and I am pro se appellate. First of all, I would like to say that I am reiterating all of my arguments contained in my brief and reply brief, and would like to offer as my oral argument the following. In this reappeal of the judgments, orders, and determinations that previously had been vacated by this Court on the first appeal, 1625-26, for the unlawful abuse of discretion by District Court under Rule 401, District Court has merely replaced one unconstitutional abuse of discretion under Rule 401 for another one under Rule 403. The reasons why District Court Rule 403 ruling constitutes an abuse of discretion is that it is erroneously based upon false and misleading facts, namely, the nature of the City Court order excluded by District Court. In other words, District Court claims that the order of City Court was the product of a suppression hearing. This assertion is false because the City Court order that the appellate has offered to prove that the defendants were acting without probable cause was not a suppression order as relied upon by District Court in this new ruling under Rule 403, but was the result of a trial court order of dismissal at the conclusion of a criminal trial and therefore cannot be lawfully considered as unfairly prejudiced under Rule 403 simply because it is an adverse ruling to the defendants. Another false and misleading fact relied upon by District Court was that the City Court judge did not make a credibility ruling against the defendants at the criminal proceeding. This assertion has been proven by the record to be false. Furthermore, District Court's assertion that the only order offered as proof of the defendants' lack of probable cause to arrest is not supported by the record. And another false fact asserted by District Court is that, quote, plaintiff for the first time in connection with this action brought this final dismissal of the criminal charges to the court's attention by filing a copy of the December 6, 2010 criminal court decision on December 6, 2017. After the June 2016 trial and after the Second Circuit remanded the matter on appeal. However, this court in this mandate determined that the decision to establish that Haines' arrest lacked probable cause at trial consistent with the ruling, the District Court admitted the City Court's decision but redacted it, the probable cause ruling. And that's what I don't understand how District Court is claiming that they never seen, this is their first time seeing it when this court in this mandate acknowledged that it was a probable cause ruling and that District Court ruled that it was irrelevant, but this court ruled that it was relevant and admissible. But now the District Court has ruled that it's more prejudicial than probative. Do you understand what that means? Yes, I understand, but the case of McRae said that even though all material evidence is prejudicial, but even though it's prejudicial, it's not unfair because the issue of probable cause was determined by the lower court and that's the issue that District Court seeks to retry, the issue of probable cause. It tried to exclude the order under 403, but this court said that wasn't right because it violated my constitutional rights to a fair trial. They said this court also ruled that had District Court allowed me to enter that order unredacted and the jury reached that determination, then they couldn't say, then this court said that it couldn't, I'm a little confused right now, but the point I'm trying to make is that overall District Court is saying that they never had a chance to rule on the trial court order of dismissal when they redacted it before trial and that's why I brung the first appeal. All right, you've saved one minute for rebuttal. Let's hear from the other side and you'll come back to the podium. Counsel, as I understand Ms. Haynes' argument, the first judge who got this case found that there was no probable cause to arrest her. Is that correct? Good morning, Your Honor. May it please the court. Judge Fiorella found in a subsequent, which would have been his third decision, found in a trial court order that there was no probable cause because Officer Rezebeck testified that there was no one else standing physically at a bus stop. No one heard. No one heard whatever she was saying out loud. I don't believe that was the decision. I believe the decision was limited to, and as it's stated on Supplemental Appendix 258, it's just that there was no one standing at the bus stop when this happened. Now, it should be noted there was a four-day trial on this. That issue was not in dispute. It's never been in dispute. Wait, help me understand the procedural background. Absolutely. So the first judge was what, a city court judge, City of Buffalo? There was a city court judge, Judge Fiorella, who handled the underlying criminal case. He was arrested and he said there was no probable cause and dismissed that arrest? It's more complicated than that, Your Honor, but initially he found that there was probable cause to arrest. That's the first decision that he made. Subsequent to that, in a suppression hearing, he found that there was no probable cause based on the application of the criminal procedure law. That decision, that decision on the suppression hearing, was then brought up on appeal to Judge Sheila DiTullio, a county court judge, who issued a decision finding that no, there was probable cause to arrest under a separate section of the criminal procedure law, 140.10, subsection 1A. And the basis for that was that the officers observed the actual criminal act, which would have been the disorderly conduct in the first instance. They observed the disorderly conduct and there was people in the vicinity. And that's specifically what Judge DiTullio found, that there was people in the vicinity, not at the bus stop. So that decision comes down. It then goes back to Judge Fiorella. Judge Fiorella, and this is the part where it gets cloudy because this specific proceeding is not really in the record, except for the judge's determination, which again is on 258 of the supplemental appendix, where he just decides, and I'll quote, Officer Resabeck testified that there was, that he made an arrest for, that they arrested her for disorderly conduct. And he also testified that there was no one at the bus stop when he made this arrest. So I'm going to determine that there was no probable cause and this case isn't dismissed. Now that is in direct contravention to Judge DiTullio's earlier appeal. But because we were not a party to that proceeding, because that was handled by the district attorney's office, not the corporation counsel's office, the defendants weren't a party, we weren't able to appeal that. And that's the reason why, in part, along with all the other things that Judge Magistrate Fascio talks about. How does it get to federal court? It gets to federal court when, and this is an interesting part of it, in between the second Judge Fiorella determination and the appeal decision by Judge DiTullio, plaintiff commences an action under 1983 in federal court. And there are various, there's I think maybe two or three complaints which go through a screening process, certain things are dismissed. And then discovery starts, and then plaintiff makes a motion for summary judgment, one of three that she has made throughout this proceeding. And that was denied. It goes through some discovery. We end up trying the case in June of 2016. All of these things are talked about. The only thing that is redacted is that language that Judge Fiorella found based on that there was no one standing at the bus stop. And the jury finds in favor of the defendants and dismisses the plaintiff's complaint. So the jury never, this is on the 1983 case? That's correct, Your Honor. The jury never hears that the city judge found no probable cause? That's correct, Your Honor. They know that it was dismissed. They know that it was in front of Judge Fiorella. But based on, at the time- That's the last decision from city court, right? You weren't there to appeal, whatever. But that was the last decision. And the jury wasn't allowed to hear it? It was precluded by Judge Fascio based on- Wasn't that entitled to collateral estoppel? Didn't that give rise to collateral estoppel? It did not because the parties were different, and that was decided in this court's prior order. So it was not entitled to collateral estoppel. And that has been decided both at the- So the jury never hears that it was no probable cause because there weren't people around. They never hear that, and they find for the police officers. They hear that there was no one at the bus stop. There's testimony about that. They hear that there's people in the vicinity. There's testimony about that. The jury hears all of these things from the actual witnesses, from the people who were there, not in a judge's decision. Anyone who complains that they heard Ms. Haynes? The officers were present when it happened, so the officers testified to that fact. And that's the basis for Judge DiTullio's finding that there was, in fact, probable cause in her appeal decision. But he found it was irrelevant, which then we didn't agree with that. Is that correct? You found, this court found, and Your Honor was on that panel, found that there was some relevancy to this. Under 401, Judge Fascio erred because he found at the first instance that there was no relevancy, no relevancy at all, because it was not entitled to preclusive effect, because there was not collateral estoppel, because the parties were different. So Judge found that- It's not collateral estoppel when the parties are different. The issue, whether there's a full and fair opportunity to- I think the issue at this case, and again, I believe this has already been decided, but the issue in this case was that the parties were not aligned, so the district attorney's office does not have the same interest as the officers who actually have to be there. The district attorney's office often cares about their own time, and they don't want to waste it for whatever reason that they decide. Whereas, our officers have to defend the case and would have taken the appeal had they been afforded that opportunity, and we believe would have been successful based on Judge DiTullio's earlier determination. So Judge Fascio, and I apologize for going over, I'll stop at any time, I'll try to be quick. But Judge Fascio finds, okay, the court found that there is some relevancy. Let's go through the balancing act. Let's go through 403 as prescribed in this court's summary order. And he finds that because of this sort of tortured history of this decision, because it's unclear, because under People v. Baker and People v. Walker, it doesn't even matter. It is not particularly important for the purposes of a disorderly conduct charge that there wasn't anyone there. The officers are there. What the law says is there just has to be, if the officers observe it, they can make that arrest. He concluded that it was more prejudicial than probative and that a limiting, he doesn't say anything about whether a limiting instruction would have allowed the jury to hear this. Judge Fascio, in his most recent decision, which the current appeal is from, does make a determination that a limiting decision would not be sufficient. And the reasoning for that is, as we've sort of seen in the brief, and there is still going to be this argument from the plaintiff, and it's in her brief, that this finally determined the probable cause hearing, which could cause a jury to be confused on this issue. The jury is better off hearing from the people who were there, from the witnesses, here's what happened, here are the facts. Because a judge is in a particular spot, a particular position, what the cases say is that there could be undue weight given to that determination by the jury, which would be substantially prejudicial. The prejudice is not only relevant. The prejudice is perhaps too relevant. Is that it? It's not relevant enough and it's too prejudicial. Well, we know it's relevant. At least this Court said that. So for the law of the case, it's relevant. You can weigh relevancy, though. How relevant is it? I would say... Well, I'll ask you, what is the prejudice? What's the danger of prejudice? Prejudice is we weren't afforded an opportunity to appeal and we think the decision was wrong. That doesn't make the piece of evidence prejudicial. It does when it's decided by a city court judge who's not going to be there and the jury... I would have thought prejudice arises from the evidence itself, not from the procedures that attended it. Your Honor, I would submit that the evidence is just an opinion. It is not someone who was there. It's not someone who's being offered as an expert. It is not someone who saw any of these things. It is not someone who's going to testify at the trial. So all of these things amount to prejudice because the jury is going to say, well, if some other judge decided this and the plaintiff is arguing that this is important and the plaintiff is arguing that he, and I'll quote-unquote, from their brief, finally decided the issue, that could be prejudicial and it would be prejudicial and it would be... You're really saying they might give it too much weight? I think the case law says that because a judge has decided it that there is substantial chance and there's a likelihood that there's going to be substantial prejudice from that. Arising from the jury giving it too much weight. That's correct. That's the only thing that might make it prejudicial, isn't it? No, I think all the other things I talked about earlier is that I'm not going to be able to cross-examine this judge. I'm not going to be able to offer Judge Tuttulio's decision, which is wrong. I mean, I suppose we could have a completely separate rehearing of these earlier criminal proceedings, but what am I supposed to do? I wasn't a party to that proceeding. That's prejudice. I would have appealed that. I wasn't allowed to. The defendants weren't allowed to. So you were corporation counsel or you were DA? I'm corporation counsel. I represent the defendants only. Why didn't the DA appeal it? The DA didn't appeal it probably because it was a . . . I don't know why the DA didn't appeal it. My understanding is the DA is busy in Erie County. Very busy. But I can't say it was a . . . I disagree with their decision not to appeal it. They had appealed it earlier, and Judge Tuttulio's decision, to my mind, I believe, states that there was probable cause to arrest. That was never reversed. That was never overturned. It was sent back to Judge Fiorella. Judge Fiorella made a decision which I think is in contravention to that appellate court decision, and it was left there, and we find out about it sometime after I'm admitted to the bar and become an attorney years later. Okay. Thank you. Thank you, Judge. Ms. Ains, you reserve one minute. Yes, Your Honor. With respect to Judge Tuttulio's ruling with credibility, Judge Tuttulio, on remand from appeal, told Judge Fiorella to take a look and see the credibility of the officers. So Judge Fiorella, he did look at the credibility of the officers, and he found that it was none. And not only did he do that, Judge Tuttulio said also, look and see if I had committed a crime in the presence of the officer. Again, Judge Fiorella determined that I did not commit a crime in the presence of the officers. Now, with respect to Rule 403, the suppression decision, I like to quote what Judge Fazio said. Under Rule 403, the suppression decision was the only decision that I sought to be admitted into evidence and thus was correctly excluded from evidence. I never sought for that suppression motion. I always asked that it be the trial court orders of dismissal to be entered as proof of the lack of proper cause. In closing, the record of these proceedings clearly demonstrate that district court is in direct defiance with this court's mandate issued on 824.17 to allow me to present that evidence to a jury and let the jury decide. And it's in conflict with the city court trial court order decision. He seeks to retry the decision of Fiorella. They said he was a layman because they don't want me to get the benefit of his order that the officers had no probable cause. And again, the provisions of 28 U.S.C. 1738, the Article 4, Section 1, the full faith and credit clause of the United States Constitution says recognize these judgments of the state. The federal court should recognize the judgment of the state court and enforce them. That's the only thing I ever asked, to enforce the judgments that was in my favor. I've been 10 years trying to have that order of no probable cause enforced. And the only thing I keep getting is reasons why I cannot present it to the jury, why I cannot present it to a jury or even on summary judgment. After the court ruled and said allow me, I made a summary judgment motion and I attached that order. But the court act like that was the first time it's seen that order even though they redacted the probable cause issue out of it. And I attached that so that I can say it's no tribal issues of fact here. Please, can I be granted summary judgment? Thank you, Your Honor. Thank you very much. Well argued. We'll reserve decision.